UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| County of Greenville, | ) | C/A No.: 6:06-cv-03433-GRA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Trustmark Insurance Company; | ) | |
| RMTS LLC d/b/a RMTS Associates, LLC; | ) | |
| and Marsh USA, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| Marsh, USA, Inc. | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Planned Administrators, Inc., | ) | |
| | ) | |
| Third Party Defendant. | ) | |
| | ) | |

This matter is before the Court upon Marsh USA, Inc.'s Motion to Amend its Answer, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Specifically, Marsh USA, Inc. ("Marsh") seeks leave to amend by adding the three additional affirmative defenses set forth in its proposed Amended Answer. A hearing on the Motion was held before me on Monday, November 26, 2007. James J. Pascoe of Womble Carlyle Sandridge & Rice, PLLC appeared for Marsh; Christine Gantt-Sorenson

1

and Christopher B. Major of Haynsworth Sinkler Boyd, P.A. appeared for Plaintiff, the County of Greenville.

"[I]n keeping with the language of Rule 15(a), F.R.C.P., leave to amend should be 'freely given' in the absence of 'undue delay, bad faith or dilatory motive on the part of the movant.'" *Bireline v. Seagondollar*, 567 F.2d 260, 262 (4th Cir. 1977). "The United States Supreme Court has admonished that 'this mandate is to be heeded.'" *Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, 743 F.2d 1039, 1043 (4th Cir. 1984) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Whether to grant such leave is "within the discretion of the District Court." *Bireline*, 567 F.2d at 262 (finding "no clear error in the district court's allowance of defendants' motion to amend their answer to assert the applicable statute of limitations").

After considering the parties' pleadings and oral arguments, the Court finds Marsh has not delayed unduly in seeking leave to amend its Answer, and that the instant Motion is made in good faith. Nor will granting Marsh leave to file and serve the Amended Answer prejudice the other parties to this action. Marsh has not previously sought leave to amend its Answer, and significant discovery remains to be done in the case.

Further, the Court finds that Marsh's proposed amendment of its Answer is not clearly insufficient. "Leave to amend should be denied on the ground of futility only when the proposed amendment is clearly insufficient because of substantive or procedural considerations." *Wilson Group, Inc. v. Quorum Health Resources, Inc.*, 880

F. Supp. 416, 429 (D.S.C. 1995) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.), *cert. dismissed*, 448 U.S. 911,(1980)).  Therefore, the Court rejects Plaintiff's contention that Marsh's proposed amendment would be futile.

Based on the foregoing, the Court hereby finds that Defendant Marsh USA, Inc.'s Motion to Amend Answer should be GRANTED.  Marsh has ten (10) days from the date of this Order to file its Amended Answer with the Court and serve the Amended Answer upon all parties.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

December 3, 2007
Anderson, South Carolina